# CIVIL COVER SHEET

JS 44 (Rev. 07/16)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

16    5469

## I. (a) PLAINTIFFS
Can De Qian

### DEFENDANTS
ABC Corp d/b/a China Hut, Ji Qing Lin, and Xiang Zhu Liu

**(b)** County of Residence of First Listed Plaintiff  Queens, New York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hang & Associates, PLLC,
136-18 39th Avenue Suite 1003
Flushing, NY 11354
1-718-353-8588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  |  | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA 29 USC 216(b)
Brief description of cause:
unpaid minimum and overtime wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 10/10/2016
SIGNATURE OF ATTORNEY OF RECORD
/s Jian Hang

OCT 14 2016

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

16  5469

Address of Plaintiff: Queens NY 11354

Address of Defendant: 2867 N. 22nd street Philadelphia, PA 19132

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Labor Standards Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I,_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                         Attorney-at-Law             Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

OCT 14 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Oct. 18, 2016   _____   319709
                      Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM



Can Ke Qian

v.

ABC Corp. d/b/a China Hut, Ji Qing Lin, and Xiang Zhu Liu

CIVIL ACTION

NO. 16 5469

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| Oct. 18, 2016 | Jian Hang | plaintiff Can Ke Qian |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 718-353-8588 | 718-353-6288 | jhang@hanglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 14 2016

$400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| Can De Qian,<br><br>   Plaintiff,<br><br>- against -<br><br>ABC CORP. d/b/a China Hut, Ji Qing Lin, and Xiang Zhu Liu<br><br>   Defendants. | Case No.  16   5469<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff Can De Qian ("Plaintiff"), by and through his counsel of record, HANG & ASSOCIATES, PLLC brings this Complaint (the "Complaint") against Defendants, ABC CORP. d/b/a China Hut, Ji Qing Lin, and Xiang Zhu Liu (Collectively "Defendants") and alleges, upon personal belief, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him overtime compensation, pursuant to the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and has failed to comply with the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2. Plaintiff furthermore asserts that Defendants made unlawful deductions in violation of the WPCL, 43 P.S. § 260.8, *et seq.*

3. Plaintiff was employed by Defendant as a cook at Defendants' Chinese Restaurant.

4. During his employment with Defendant, Plaintiff worked more than forty (40) hours per week, and was not properly compensated for his overtime hours pursuant to the FLSA and the PMWA.

5. During Plaintiff's employment with Defendants, Defendants improperly withheld a portion of Plaintiff's promised wages.

6. As a result of Defendant's improper and willful failure to pay its employees in accordance with the requirements of the FLSA and the PMWA, Plaintiff has suffered damages.

7. Plaintiff brings this action to seek redress for Defendant's unlawful and improper conduct.

## JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

9. In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. The Court has jurisdiction over Plaintiffs PMWA claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendants maintain a principle place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

## PARTIES

12. Plaintiff currently resides in New York. He was employed by the Defendants from February 22, 2014 until July 23, 2016.

13. Defendant ABC Corp. d/b/a China Hut is incorporated in the Commonwealth of Pennsylvania and is registered to transact business in the Commonwealth of Pennsylvania.

14. Defendants own and operate a Chinese restaurant in this District under the name China Hut, located at 2867 N. 22nd Street, Philadelphia, PA 19132.

15. Upon information and belief, Defendant Ji Qing Lin is an owner, officer, shareholder, and manager of China Hut. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at China Hut, establish their wages, set their work schedules, and maintain their employment records.

16. Upon information and belief, Defendant Xiang Zhu Liu is an owner, officer, shareholder, and manager of China Hut. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at China Hut, establish their wages, set their work schedules, and maintain their employment records.

17. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and have had an annual gross volume of sales of not less than $500,000.00.

18. Defendant ABC Corp. d/b/a China Hut was Plaintiff's employer with the meaning of the FLSA and PMWA.

**FACTUAL ALLEGATIONS**

19. At all relevant times Defendants owned and operated a Chinese food restaurant in this District under the name China Hut, located at 2867 N. 22nd Street, Philadelphia, PA 19132.

20. Plaintiff was employed as a cook at China Hut, located at 2867 N. 22nd Street, Philadelphia, PA 19132 from February 22, 2014 until July 23, 2016.

3

21. Throughout his employment with the Defendants, Plaintiff's worked starting at 11:30 a.m. until 1:30 a.m. or 2:00 a.m. from Mondays through Saturdays. Plaintiff did not have any breaks. He worked eighty four (84) to eighty seven (87) hours each week.

22. From February 2014 to August 21, 2015, Plaintiff was promised a monthly salary of $2,900. However, Defendants illegally deducted $900 from this amount and promised to pay this to Plaintiff at the end of his employment. Plaintiff was therefore paid $2,000 per month.

23. From March 24, 2016 to July 23, 2016, Plaintiff was promised a monthly salary of $3,000. However, Defendants illegally deducted $1,000 from this amount and promised to pay this to Plaintiff at the end of his employment. Plaintiff was paid $2,000 per month.

24. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

25. The work performed by Plaintiff required little skill and no capital investment. Plaintiff did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

26. Plaintiff often worked in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations.

27. Defendants knew or showed reckless disregard for the fact that its failure to pay its employees overtime compensation was in violation of the FLSA and the PMWA.

28. Pennsylvania law limits employer deductions from employee pay to certain specifically enumerated circumstances spelled out in the WPCL, 43 P.S. § 260.3, and the

applicable regulations promulgated by the Secretary of Labor and industry of the Commonwealth of Pennsylvania.

29.     These deductions from Plaintiff's pay were not authorized by the WPCL or the applicable regulations. Nor, upon information and belief, were they approved by the Pennsylvania Department of Labor and Industry.

30.     Accordingly, these deductions were in violation of Pennsylvania law, including the WPCL 43 P.S. § 260.1, *et seq.* and the public policies articulated therein.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *et seq.*
## (UNPAID WAGES/OVERTIME)

31.     Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

32.     Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiff and similarly situated employees regularly worked more than 40 hours per week, but were not paid overtime. Defendant failed to pay overtime wages to Plaintiff and similarly situated employees.

33.     Defendant failed to accurately record actual hours worked by its employees.

34.     The foregoing actions of Defendant violate the FLSA.

35.     Defendant's actions were willful and not in good faith.

36.     Defendant is liable to Plaintiff and similarly situated employees for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. §§ 333.101 *et seq.*
## (UNPAID WAGES/OVERTIME)

37. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

38. The PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.104 (a).

39. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

40. Plaintiff is a covered employees entitled to the PMWA's protections.

41. Plaintiff is not exempt from receiving PMWA overtime benefits.

42. Defendant is an employer required to comply with the PMWA's mandates.

43. Defendant violated the PMWA by failing to pay Plaintiff proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

44. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
## WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.8
## (UNLAWFUL DEDUCTIONS)

45. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

46. Defendants are obligated to make only those charges or deductions to Plaintiff that are required or authorized by Pennsylvania law.

47. Defendants breached their obligations by engaging in the conduct more specifically described in the paragraphs above and incorporated herein by reference.

48. Such conduct includes deducting from the pay of Plaintiff in a manner prohibited by the WPCL, 43 P.S. § 260.3, the applicable regulations and/or the Pennsylvania Department of Labor and Industry.

49. Defendants have no lawful justification for these unauthorized deductions.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.108**
**WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.8**
**(FAILURE TO MAINTAIN RECORDS)**

51. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

52. Pursuant to 43 P.S. §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

53. Upon information and belief, defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the plaintiff and and failed to furnish plaintiff with such information. The conduct of defendants was and is unlawful and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

## COUNT V
## PENNSYLVANIA COMMON LAW
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333.101
## WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.3
## (BREACH OF CONTRACT)

62. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

63. The conduct of the plaintiff, including the promise of the defendants to pay plaintiff all amounts due to them in compliance with state and/or federal law in exchange for the performance by plaintiff of the duties of his employment, including his performance of his duties as a restaurant employee, constitutes a valid contract between the parties.

64. The aforesaid contract was supported by good and adequate consideration.

65. Plaintiff performed all of the duties and obligations imposed upon him pursuant to their contract with defendants.

66. The conduct of defendants, in failing to pay the plaintiff all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

67. Therefore, plaintiff demand that he be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, *et seq.* and the WPCL, 43 P.S. § 260.3, for every pay period he was not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the relevant period until the date of entry of judgment plus interest and attorney fees.

## COUNT VI
## PENNSYLVANIA COMMON LAW
## (UNJUST ENRICHMENT)

68. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

69. Defendants have retained for themselves the wages due and owing to the plaintiff resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by plaintiff in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

70. Defendants have wrongfully failed, neglected and refused to pay to the plaintiff all sums due to them as a result of which defendants have been unjustly enriched.

## COUNT VIII
## PENNSYLVANIA COMMON LAW
## (GENERAL ASSUMPSIT)

71. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

72. Plaintiff performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

73. Defendants failed to pay plaintiff in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

74. Instead, defendants have retained and appropriated for itself the payments due and owing to the plaintiff resulting from overtime hours worked and expenditures charged to and incurred by plaintiff in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

75. Defendants are indebted to plaintiff for the services, work and labor performed by plaintiff and for money had and received by defendants for the use and benefit of plaintiff and during the relevant period until the date of entry of judgment plus interest and attorney fees.

9

## COUNT IX
## PENNSYLVANIA COMMON LAW
## (QUANTUM MERUIT)

76. Plaintiff re-alleges and incorporates by reference, all preceding paragraphs.

77. Plaintiff loyally and conscientiously served as employees of the defendants.

78. Plaintiff created value and good will for the Defendants and generated substantial income for the Defendants.

79. The Defendants knew or should have known that Plaintiff was to be fully paid for the work they performed, including overtime.

80. The Defendants did not pay Plaintiff overtime earned and accrued for the work they performed for the Defendants.

81. Accordingly, Plaintiff is entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorney fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter an order:

a. adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

b. adjudicating and declaring that Plaintiff is entitled to overtime compensation for hours worked in excess of forty hours per week;

c. adjudicating and declaring that Defendants violated the FLSA and PMWA by failing to pay Plaintiff for his hours worked in excess of forty hours per week;

  d. adjudicating and declaring that Defendants violated the PMWA by unlawfully deducting from Plaintiff's wages;

  e. awarding Plaintiff overtime wages in an amount consistent with the FLSA and PMWA;

  f. awarding Plaintiff liquidated damages in accordance with the FLSA and PMWA;

  g. awarding Plaintiff attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA;

  h. awarding pre and post-judgment interest and court costs as further allowed by law;

  i. for all additional general and equitable relief to which Plaintiff may be entitled.

Dated: Flushing, New York
   October 10, 2016

             HANG & ASSOCIATES, PLLC

             By: /s/*Jian Hang*
             Jian Hang, Esq. (ID # 319709)
             136-18 39th Avenue Suite 1003
             Flushing, New York 11354
             Phone: 718.353.8588
             Fax:  718.353.6288
             e-mail: jhang@hanglaw.com
             *Attorneys for Plaintiff*